```
         UNITED STATES DISTRICT COURT
          DISTRICT OF NEW HAMPSHIRE
```

Crystal Dora Childers

    v.                                      Civil No. 14-cv-270-JL
                                                  Opinion No. 2015 DNH 142

Carolyn Colvin, Acting Commissioner,
Social Security Administration

**ORDER ON APPEAL**

Crystal Dora Childers appeals the Social Security Administration's ("SSA") denial of her application for disability benefits. An Administrative Law Judge ("ALJ") found that Childers suffered from several severe impairments. The ALJ nevertheless found that Childers was not disabled within the meaning of the Social Security Act because she has sufficient residual functional capacity ("RFC") to work at jobs that exist in significant numbers in the national economy. See 42 U.S.C. § 423(d)(2)(A). The SSA Appeals Council subsequently denied Childers's request for review of the ALJ's decision, rendering the ALJ's decision final. Childers timely appealed to this court, pursuant to 42 U.S.C. § 405(g). In due course, Childers moved to reverse the SSA's decision and the SSA's Acting Commissioner moved to affirm the denial of benefits.

Childers asserts three arguments. First, she claims that the ALJ's RFC finding was flawed because the ALJ relied on his own lay knowledge and because the ALJ did not explain his reliance on a state agency medical consultant. Second, Childers

argues that the ALJ did not give enough weight to evidence provided by a treating medical source.  Finally, Childers argues that the ALJ's negative assessment of her credibility did not address all required factors.

After consideration of the parties' arguments and the administrative record, the court finds the record evidence sufficient to support the ALJ's decision.  Therefore, Childers's motion is denied and the Acting Commissioner's motion is granted.

**I.  Standard of Review**

The court's review of SSA's final decision "is limited to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000).  The ALJ's decision will be upheld if it supported by substantial evidence, that is, "such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted).  This is less evidence than a preponderance but "more than a mere scintilla." Id.; Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966).  The possibility of drawing two inconsistent conclusions from the evidence does not preclude a finding of substantial evidence. Consolo, 383 U.S. at 620.  Accordingly, the ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results are supportable. Rodriguez

Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 2 (1st Cir. 1987). The court next turns to the ALJ's decision.

## II. Background[1]

In analyzing Childers's benefit application, the ALJ invoked the required five-step process. See 20 C.F.R. § 416.920. First, he concluded that Childers had not engaged in substantial work activity after the alleged onset of her disability on July 12, 2011. Next, the ALJ determined that Childers suffered from several severe impairments: fibromyalgia, lumbosacral spondylosis, facet arthropathy at L4-L5, migraine headaches, asthma, allergic rhinitis, depression, anxiety and borderline personality disorder. See 20 C.F.R. § 416.1920(c).[2] At the third step, the ALJ concluded that Childers's impairments -- either individually or collectively -- did not meet or "medically equal" one of the listed impairments in the Social Security regulations. See 20 C.F.R. §§ 416.920(d), 416.925, & 416.926. The ALJ next found that Childers had the RFC to perform:

> light work as defined in 20 CFR 404.1567(b) except standing and walking no more than four hours out of an eight hour work day; no crawling or climbing of

---

[1] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts is incorporated by reference. See L.R. 9.1(d).

[2] The ALJ also found that Childers also had a history of ankle sprain, cervical cancer, hypertension and gastroesophageal reflux disease, but that these impairments did not limit her ability to work if treated properly.

>ladders, ropes, and scaffolds; occasional kneeling, stooping, balancing, crouching or climbing of ramps and stairs; must avoid extreme cold, extreme heat, wetness or humidity; must avoid excessive vibration, fumes, odor, dust, gases, smoke, poorly ventilated areas; must avoid concentrated exposure to concentrated chemicals; cannot be in work environment where there are pets or animals of any kind; cannot work in a kitchen setting; further work is limited to simple, unskilled work; only occasional interaction with the public and only occasional interaction with co-workers.

Given that the ALJ found at step four that Childers could not perform any past relevant work, the ALJ proceeded to step five, at which the SSA bears the burden of showing that a claimant can perform other work that exists in the national economy. Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001). Here, the ALJ, relying on Childers's testimony, medical records and a vocational expert's testimony, concluded that Childers could perform such jobs as bench assembler, production solderer and sewing machine operator, all of which exist in the regional and national economy. Accordingly, the ALJ found Childers not disabled within the meaning of the Social Security Act.

## III. Analysis

### A. RFC analysis

### 1. ALJ's use of lay knowledge

Childers first argues that the RFC is defective because the ALJ added non-exertional limitations to the RFC – soybean oil allergy and asthma – in the absence of supporting expert medical

4

evidence.[3]  It is generally true that an ALJ is "not qualified to interpret raw medical data in functional terms," Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999).  But even assuming the ALJ committed such an error, it is harmless where, as here, "the RFC finding is more favorable to a claimant that the medical record supports."  Johnson v. Colvin, No. 1:13-00297, 2014 WL 4181606 *3 (D. Me. Aug. 21, 2014); see also Bubar v. Astrue, 11-107-JL, 2011 WL 6937507, *6 (D.N.H. Dec. 5, 2011) rep. and rec. adopted sub nom. Bubar v. U.S. Soc. Sec. Admin., 2011 WL 6937476 (D.N.H. Dec. 30, 2011) ("The court presumes that [the claimant] does not object to the ALJ's determination that he had less capacity for balancing, kneeling, and crawling than was indicated by [the doctor's] RFC Assessment").

Against this backdrop, "the fact that the ALJ gave [Childers] the benefit of the doubt in concluding that [her] physical RFC was more limited than the physicians' RFC assessment should not be used to discount the ALJ's determination." Carstens v. Comm'r of Soc. Sec'y, No. 12-1335, 2013 WL 3245224, *6 (D.P.R. June 26, 2013) (citing Dampeer v. Astrue, 826 F.Supp.2d 1073, 1085 (N.D. Ill. 2011)).  Accordingly, the court

---

[3] Specifically, the ALJ observed that longitudinal treatment for Childers's allergies and asthma appeared to be effective, a conclusion based, in part, on normal spirometry readings. "Nevertheless, as a precaution, the [ALJ] has determined non-exertional limitations reflective of an allergy to soybean oil and the claimant's reported asthma."

rejects this claim of error.

## 2. **Inadequate explanation of reliance on state agency opinion**

Childers next takes aim at the following finding:

> The undersigned has taken into consideration the finding of non-disability made by the state agency medical consultant pursuant to Social Security 96-9p. This opinion is weighed as a statement from a non-examining expert source. The undersigned has determined slightly greater restrictions, commensurate with hearing level evidence, but the opinion of the medical consultant is otherwise reasonably supported and not inconsistent with the other substantial evidence. Accordingly, the undersigned gives this opinion reasonable weight.

Citing this court's opinion in Fortin v. Astrue, Childers argues that the ALJ committed legal error by failing to identify which non-examining source he relied upon and by failing to explain "reasonable weight." 10-CV-441-JL, 2011 WL 2295171 *11 (D.N.H. May 18, 2011), report and recommendation adopted sub nom. Fortin v. U.S. Soc. Sec. Admin., Com'r, 10-CV-441-JL, 2011 WL 2224771 (D.N.H. June 7, 2011). This argument is meritless.

In Fortin, the ALJ adopted an agency evaluation in one sentence that was not part of an RFC determination. The court found legal error because the ALJ "did not mention [the opinion] in his [RFC determination] and did not expressly evaluate [the opinion]." 2011 WL 2295171 at *11.

Childers's reliance on Fortin is misplaced. Here, unlike in Fortin, the ALJ's RFC determination explicitly took "into consideration the finding of non-disability made by the State

agency medical consultant . . . ."  Moreover, the ALJ explained the "extent of reasonable weight" when he considered it as a non-examining expert source and then, as discussed above, added additional physical limitations to the RFC. No more was necessary. See SSR 96-6p, <u>Titles II and XVI: Consideration of Administrative Findings of Fact by State Agency Medical and Psychological Consultants and Other Program Physicians</u>, 1996 WL 374180, at *1 (S.S.A.1996) (The ALJ is not bound by the opinions of state agency consultants, but must consider them and explain the weight given to those opinions.).  Finally, as to the identity of the expert, the parties' Joint Statement of Material Facts refers to a physical RFC assessment done by Dr. Hugh Fairley, a state consultant.  The fact that the ALJ did not refer to Dr. Fairley by name is of no legal moment.  There is no other state agency consultant performing such an assessment identified in the record.  The court finds no error in the ALJ's reliance on the state agency expert.

**B.  Treating source opinion evidence**

Childers claims the ALJ did not give sufficient weight to the opinion of her primary care physician, Dr. Maria Rodriguez, who assessed Childers to have significantly more limitations than the ALJ ultimately found.  Because the ALJ adequately supported his decision, the court rejects this argument.

An ALJ's adverse disability decision

> must contain specific reasons for the weight given to
> the treating source's medical opinion, supported by the
> evidence in the case record, and must be sufficiently
> specific to make clear to any subsequent reviewers the
> weight the adjudicator gave to the treating source's
> medical opinion and the reasons for the weight.

Perry v. Colvin, No. 14-390-SM, 2015 WL 3621415 *4 (D.N.H. June 9, 2015) (quoting SSR 96-2p, Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions, 1996 WL 374188 *5 (July 2, 1996)); see also, Proulx v. Astrue, 2012 DNH 180, 2012 WL 4829303 *5 (D.N.H. Oct. 11, 2012) (observing that an ALJ may discount a treating source opinion if it conflicts with, inter alia, other medical evidence and the claimant's activity level.).

Here, the ALJ gave Dr. Rodriguez's opinion "little weight" because, he noted, it conflicted with other reported "mild physical examination findings".  The ALJ also observed that Dr. Rodriguez's reported limitations on Childers's upper extremities were contradicted by a medical record "devoid of significant abnormal findings pertaining to upper extremity limitations."  As to the latter finding – upper extremity limitations – Childers offers no rebuttal other than to reiterate Dr. Rodriguez's findings, the existence of which the ALJ acknowledged.  This is plainly insufficient to carry her burden of showing that the ALJ's reasoning on this point is unsupported by substantial evidence.  See Tsarelka v. Sec'y of Health & Human Servs., 842 F.2d 529, 535 (1st Cir. 1988) ("[We] must uphold the

[Commissioner's] conclusion, even if the record arguably could justify a different conclusion, so long as it is supported by substantial evidence.").

The ALJ's earlier reference to "mild physical examination findings found throughout the record and detailed in part above" presents a slightly closer question, but one that the court resolves in SSA's favor.  If the ALJ had stopped at "found throughout the record," this matter would have been remanded because "it is not the role of [the Commissioner] or the court to fashion a rationale under which the ALJ could have sustainably rejected [a treating source's] opinion." Fortin, 2011 WL 2295171 at *8 (citing Dube v. Astrue, 781 F. Supp. 2d 27, 37 n.15 (D.N.H. 2011) ("[C]ounsel for the Commissioner ably posits numerous reasons [l]ending support to the ALJ's disregard of [a treating doctor's] limitational assessments. . . . It is the responsibility of the ALJ to undertake that analysis in the first instance, not the court.").  However, the ALJ's reference to findings "detailed in part above" and his explication of Childers's medical history throughout his decision provides the necessary support for his conclusion.  For instance, the ALJ noted that several physicians treated Childers's back issues, and none found more than slight irregularities necessitating more than conservative treatment and resulting in significant limitations.  Relatedly, the ALJ noted that more than one of

Childers's medical providers expressed concern with Childers's complaints of pain – and her use of painkillers – despite "numerous objective studies showing no significant abnormalities."

Against this backdrop, the court finds that the ALJ's decision to accord little weight to Dr. Rodriguez's opinion is supported by substantial evidence.

### C. Credibility

In conjunction with assessing Childers's RFC, the ALJ necessarily assessed Childers's credibility concerning her subjective complaints.  See 20 C.F.R. § 404.1545(a)(3).  In so doing, the ALJ was required to employ a two-step process, first determining if a medically determinable impairment is present, and if so, then evaluating the intensity, persistence and limiting effects of the alleged symptoms associated with such impairment.  20 C.F.R. § 404.1529.  The second step of the analysis requires the ALJ to consider several factors: 1) claimant's daily activities; 2) the location, duration, frequency and intensity of pain or other symptoms; 3) precipitating and aggravating factors; 4) effectiveness and side effects of medication; 5) effectiveness of treatment; 6) measures taken by the claimant to relieve symptoms; and 7) any other factors concerning claimant's limitations.  20 C.F.R. §404.1529(c); Avery v. Sec'y of Health & Human Servs., 797 F.2d 19, 29 (1st Cir.

1986).

Here, the ALJ found that Childers did suffer from "medically determinable impairments that could cause the alleged symptoms." But at the second step, the ALJ concluded that Childers's statements concerning the severity of those symptoms were not entirely credible. Childers argues on appeal that the ALJ failed to consider the required factors in reaching his conclusion. The record suggests otherwise and the court therefore finds no error.

Childers argues specifically that the ALJ failed to address daily activities and medication side effects. This is simply untrue. The ALJ explicitly noted that Childers's descriptions of her limited daily activities did not square with objective medical findings and were inconsistent, both factors that tended to diminish the credibility of the complaints. Similarly, the ALJ observed that treatment notes suggested that medicinal side effects were mild and that dosage or medication adjustments in response to complaints ameliorated her symptoms.

As Childers offered no further critique of the ALJ's credibility assessment no more need be said on the issue.[4] That

---

[4] To the extent Childers argues that the ALJ failed to make specific findings as to every factor listed in Avery, such detail is unnecessary. See Young v. Colvin, 2014 DNH 233, 2014 WL 5605082 *5 (D.N.H. Nov. 4, 2014) ("[a]s a matter of law, the ALJ is not required to address all of the Avery factors in his decision." (quoting Matos v. Astrue, 795 F. Supp. 2d 157, 164 (D. Mass. 2001)(citing N.L.R.B. v Beverly Enters.-Mass., Inc., 174 F.3d 13, 26 (1st Cir. 1999)).

11

assessment is entitled to deference, especially where, as here, it is supported by specific findings. <u>Frustaglia v. Sec'y of Health & Human Servs.</u>, 829 F.2d 192, 195 (1st Cir. 1987).

**IV. Conclusion**

The ALJ's findings are supported by substantial evidence. Therefore, the Acting Commissioner's motion to affirm[5] is GRANTED and the plaintiff's motion to reverse[6] is DENIED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: July 17, 2015

cc: D. Lance Tillinghast, Esq.

T. David Plourde, Esq.

---

[5] Doc. No. 10.

[6] Doc. No. 8.